**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-1535**

MARIA L. DUFAU,

              Plaintiff - Appellant,

        v.

THOMAS E. PRICE, Secretary, U.S. Department of Health and Human Services,

              Defendant - Appellee.

-------------------------------------

METROPOLITAN     WASHINGTON     EMPLOYMENT     LAWYERS
ASSOCIATION,

              Amicus Supporting Appellant.


Appeal from the United States District Court for the District of Maryland, at Greenbelt.
Roger W. Titus, Senior District Judge.  (8:15-cv-00528-RWT)


Submitted:  June 28, 2017                            Decided:  July 27, 2017


Before WILKINSON and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit
Judge.


Affirmed by unpublished per curiam opinion.

Michael L. Vogelsang, Jr., R. Scott Oswald, EMPLOYMENT LAW GROUP, PC, Washington, D.C., for Appellant. Rod J. Rosenstein, United States Attorney, Alex S. Gordon, Assistant United States Attorney, Greenbelt, Maryland, for Appellee. Debra A. D'Agostino, THE FEDERAL PRACTICE GROUP, Washington, D.C.; Alan R. Kabat, BERNABEI & KABAT, PLLC, Washington, D.C., for Amicus Curiae.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Maria Dufau, an employee at the National Institutes of Health ("NIH"), brought this action against the Secretary of Health and Human Services ("Defendant"), in which she raised age discrimination, hostile work environment, and retaliation claims pursuant to the Age Discrimination in Employment Act, 29 U.S.C.A. §§ 621-634 (West 2012 & Supp. 2017). Dufau, a 78-year-old scientist with an impressive career at NIH, alleged that Defendant improperly (1) reduced and then capped her laboratory budget, (2) gave her laboratory and work low rankings following site visits in 2008 and 2012, (3) stated at a meeting in 2009 or 2010 that "the biological clock is ticking," implying that older scientists at NIH would eventually die and free up positions for younger scientists, (4) proposed moving her laboratory to a small and dilapidated space not suitable for her work, (5) reduced her laboratory staff, (6) gave her a poor performance review, and (7) retaliated against her after she filed complaints alleging discrimination.

Defendant filed a motion to dismiss or, in the alternative, a motion for summary judgment. Defendant attached to its motion and reply an administrative record from its internal review regarding Dufau's complaints. Dufau opposed the motion and filed a Fed. R. Civ. P. 56(d) motion and affidavit for discovery. The district court held a hearing on the motions and concluded that Dufau failed to state a prima facie case as to each of her claims. Consequently, the district court denied Dufau's motion for discovery and granted Defendant's motion for summary judgment. We affirm.

"We review the district court's grant of summary judgment de novo, viewing the facts and the reasonable inferences therefrom in the light most favorable to the nonmoving party." *Bonds v. Leavitt*, 629 F.3d 369, 380 (4th Cir. 2011). Summary judgment is appropriate when "'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law,' based on the 'materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials.'" *Hardwick ex rel. Hardwick v. Heyward*, 711 F.3d 426, 433 (4th Cir. 2013) (quoting Fed. R. Civ. P. 56(a), (c)). Accordingly, a "plaintiff may avert summary judgment . . . by presenting direct . . . evidence that raises a genuine issue of material fact" regarding an employer's improper motives for an adverse action, or "a plaintiff may proceed under [the *McDonnell Douglas*[1]] pretext framework, under which the employee, after establishing a prima facie case of discrimination, demonstrates that the employer's proffered permissible reason for taking an adverse employment action is actually a pretext for discrimination." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 318 (4th Cir. 2005) (internal quotation marks omitted).

Regarding her age discrimination and retaliation claims, we agree with the district court that Dufau did not establish a prima facie case of discrimination because she alleged no adverse employment action. *See Adams v. Anne Arundel Cty. Pub. Schs.*, 789 F.3d 422, 430 (4th Cir. 2015) (noting that prima facie cases of discrimination and

---

[1] *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

4

retaliation require adverse employment action). "An adverse action is one that constitutes a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits." *Hoyle v. Freightliner, LLC*, 650 F.3d 321, 337 (4th Cir. 2011) (internal quotation marks omitted). A mere "poor performance evaluation is actionable only where the employer subsequently uses the evaluation as a basis to detrimentally alter the terms or conditions of the recipient's employment. An evaluation merely causing a loss of prestige or status is not actionable." *James v. Booz–Allen & Hamilton, Inc.*, 368 F.3d 371, 377 (4th Cir. 2004) (citations and internal quotation marks omitted).

Here, Dufau did not explain whether she was able to continue with the same experiments in her laboratory or publish her results at the same rate. She did not claim that Defendant failed to promote her, reduced her pay, or reassigned her to a different project. Dufau complained that her work might suffer if Defendant moved her laboratory to a different location, but the move never occurred. Thus, Dufau's forecast of evidence failed to establish a prima facie case of age discrimination or retaliation that could survive summary judgment.

We further agree with the district court that the facts alleged did not show that Defendant created a hostile work environment based on Dufau's age or retaliation for her complaints. *See Causey v. Balog*, 162 F.3d 795, 801 (4th Cir. 1998) (setting forth prima facie case). "In determining whether an actionable hostile work environment claim exists, we look to all the circumstances," and, "[p]rovided that an act contributing to the

5

claim occurs within the filing period, the entire time period of the hostile environment may be considered by a court for the purposes of determining liability." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 116-17 (2002). "A hostile environment exists when the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Boyer-Liberto v. Fontainebleau Corp.*, 786 F.3d 264, 277 (4th Cir. 2015) (en banc) (alteration and internal quotation marks omitted). Among the factors a court should consider are "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Ocheltree v. Scollon Prods., Inc.*, 335 F.3d 325, 333 (4th Cir. 2003) (internal quotation marks omitted).

Here, with regard to her timely filed claims, Dufau did not allege that Defendant made vulgar or insensitive remarks based on her age or her protected complaints. The lone statement that the "biological clock is ticking" at a meeting approximately eight years ago is not enough to establish an abusive working environment. Even though Defendant limited Dufau's laboratory budget and staff, this did not alter the conditions of her employment or create an abusive working environment. Thus, Dufau failed to establish a prima facie case for a hostile work environment claim.

We further conclude that the district court did not abuse its discretion when it denied Dufau's Rule 56(d) motion for discovery. *See Ingle ex rel. Estate of Ingle v. Yelton*, 439 F.3d 191, 195 (4th Cir. 2006) (stating standard of review). As a general rule,

6

summary judgment is appropriate only "after adequate time for discovery." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "[S]ummary judgment [must] be refused where the nonmoving party has not had the opportunity to discover information that is essential to [her] opposition." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n.5 (1986). If a party opposing a motion for summary judgment shows by affidavit that, for specified reasons, it cannot present facts essential to justify its position without discovery, a district court may defer consideration of the motion for summary judgment, deny the motion for summary judgment, or "issue any other appropriate order." Fed. R. Civ. P. 56(d) ; *see Harrods Ltd. v. Sixty Internet Domain Names*, 302 F.3d 214, 244-45 (4th Cir. 2002) (discussing affidavit requirement of former Rule 56(f)). Relief under Rule 56(d) is "broadly favored and should be liberally granted in order to protect non-moving parties from premature summary judgment motions." *McCray v. Md. Dep't of Transp.*, 741 F.3d 480, 484 (4th Cir. 2014) (internal quotation marks omitted). Yet such requests for discovery should be denied "if the additional evidence sought for discovery would not have by itself created a genuine issue of material fact sufficient to defeat summary judgment." *Ingle*, 439 F.3d at 195 (internal quotation marks omitted).

In this case, Dufau stated broadly in her Rule 56(d) motion that "[f]ederal employees have a right to a trial anew following the administrative process," "facts have been omitted or not yet developed pertaining to the substance" of her claims, and discovery would allow her to establish Defendant's unlawful employment actions. (J.A.

7

206).[2]  While Dufau identified in an affidavit the discovery materials she sought, her blanket assertion that discovery would be beneficial does not fulfill the requirement that a Rule 56(d) motion identify which facts are relevant to opposing a motion for summary judgment, and, particularly needed in this case, Dufau did not explain how discovery might lead to showing the existence of an adverse employment action or a hostile work environment.[3]

Accordingly, we affirm the district court's grant of summary judgment to Defendant.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[2] "J.A." refers to the joint appendix filed by the parties on appeal.

[3] We are cognizant of the concerns Dufau and Amicus raise regarding whether an administrative record may supplant discovery.  Here, we need not decide that issue as the district court apparently did not rely on the administrative record in lieu of discovery when it concluded that Dufau failed to state a prima facie case of age discrimination, retaliation, and hostile work environment.